

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXX~~
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3264
Re: Disposition to be made of payment
on delinquent tax judgment.

In your letter of March 11, 1941, you request our advice
as to what disposition Mr. Clyde S. Karkalits, Tax Assessor-Col-
lector of Eastland County, should make of a check of $602.38
tendered to him by W. W. Moore, the owner of a certain piece of
property, for taxes "based upon the adjudged value of said prop-
erty as fixed by the trial court." Upon our request, the Tax
Assessor-Collector sent us a copy of the judgment in question
which was in Cause No. 11688M, styled State of Texas vs. W. W.
Moore and wife, in the District Court of Eastland County.

The only parties to the suit were the State of Texas and
County of Eastland, as plaintiff, and W.W. Moore and wife, Mrs.
W.W. Moore, as defendants. Recovery was had by the State and
County for the sum of $1,751.98, representing taxes delinquent
for the years 1927 to 1938, inclusive, with foreclosure upon
Lots 8 to 12 in Block 89, Division 4, City of Cisco; and Lot 21,
Block P, Division 3, City of Cisco, in Eastland County. In the
judgment, which is dated February 7, 1941, the Court fixed the
adjudged value of the property as follows: $1,750.00 on said
Lot 21 and $150.00 on Lots 8 to 12.

Attached to your letter of request is a copy of a letter
from the District Attorney of Eastland County to the Tax Assessor-
Collector saying: "The amount of the taxes due the County and
State on the adjudged value as fixed by the court is $532.10 on
the homestead and $70.28 on the vacant lots, making a total of
$602.38. Mr. Moore is tendering his check in the sum of $610.38
which includes the taxes and attorneys' fees and court costs.
When his check has cleared, kindly issue receipts to him covering
this payment." The Tax Assessor-Collector advises that "All tax-
es due the other tax units had already been paid." He states also
that no order of sale has been issued under judgment.

Authority for fixing an "adjudged value" in a tax fore-
closure judgment is found in Section 5 of Article 7345b, Vernon's
Annotated Civil Statutes. In Section 8 it is provided that the
property may not be sold to anyone "Other than a taxing unit

which is a party to the suit, for less than the amount of the adjudged value aforesaid of said property, or the aggregate amount of the judgments against the property in said suit, whichever is lower . . . ." And in Section 9, the taxing unit which may have purchased the property at the first sale is prohibited from selling the property for less than the adjudged value thereof or the amount of the judgments against the property in said suit, whichever is lower, without the written consent of all taxing units which in said judgment have been found to have tax liens against such property. The provisions in such a judgment fixing an adjudged value has no bearing until and unless the property is offered for sale.

In the case before us the amount of the recovery is less than the adjudged value of the property, hence the fixing of the adjudged value had no effect, as a practical matter. We are somewhat at a loss to understand how the figure of $602.38 could be arrived at as being "based upon the adjudged value of said property as fixed by the trial court." Perhaps taxes owing to other taxing units before judgment were considered in arriving at this amount. However, the Tax Assessor-Collector states that all such other taxes had been paid. It will take the sum of $1,751.98, with interest and costs, to satisfy this judgment. Such sum of $602.38 can be received only as a credit on the judgment.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:ej:wc

APPROVED MAR 29, 1941
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman